Digby V. Bell, Samuel Post and Charles B. Haynes v. Andrew Harvey.

*Contract to put in machinery—Conditions.*

A proposal to put up certain machinery contained the clause "No pay until tested and in perfect running order." *Held* that this made it merely an agreement for putting the machinery in position to be tested as a preliminary to the liability to retain or pay for it.

Error to the Superior Court of Detroit. (Chipman, J.) Jan. 10.—Jan. 18.

Case. Plaintiffs bring error. Affirmed.

*Levi T. Griffin* (*Griffin, Dickinson, Thurber & Hosmer*) for appellants, cited *Kimball & Austin Manfg. Co. v. Vroman* 35 Mich. 310; *Sycamore Marsh Harvester Co. v. Sturm* — Neb. —: 13 N. W. R. 202.

*John W. McGrath* and *John Atkinson* for appellee.

GRAVES, C. J.    Under the style of A. Harvey & Son the
defendant negotiated with the plaintiffs to put up an ele-
vator in their soap factory, and it terminated in a proposal
by the defendant of the following tenor, which the plaintiff
accepted :

"DETROIT, MICH., Feb. 2, 1881.

*Detroit Soap Company*—GENTLEMEN : We propose to
build and set up in your factory one elevator, so constructed
to run either by steam or hand power, with wooden posts,
iron ratchets and safety catch, elevator to lift two thousand
pounds easily, by steam or hand power ; hoisting ropes hemp,
and lifting rope either hemp or wire.

We also agree to furnish all material or labor necessary to
put the same in complete running order, except belting and
main shaft, for the sum of three hundred and seventy-five
dollars.

Respectfully submitted.        ANDREW HARVEY & SON.

No pay until tested and in perfect running order.

A. HARVEY & SON."

Under this arrangement the defendant proceeded to put
in an elevator, but it soon fell, and, as claimed by the plaint-
iffs, wholly failed to answer any purpose.    They contended
that the contract was absolute and imposed on the defend-
ant an imperative obligation that the elevator put in should
correspond with the proposal and actually perform properly,
and acting on this construction they brought this action for
damages.

While the case was in progress before the jury the defend-
ant raised the objection that the contract was not an abso-
lute undertaking that the elevator should operate well, but
was merely an arrangement for having it set up to undergo
a trial as a preliminary to liability to pay for it or have it.
The court on full consideration sustained the objection and
directed a verdict for the defendant.

The only question now is whether this construction is cor-
rect, and we think it is.    The accepted proposal was to pro-
vide nearly all the materials and appliances and erect an ele-
vator to be tested and not paid for unless found to be in per-
fect running order.    The meaning was that the plaintiff

should have opportunity by actual trial to ascertain about the fitness of the machine and not be liable to pay anything for it unless it was proved to answer the specifications, and that the defendant should be chargeable only with his own loss in case the trial should be unfavorable. The clause providing for a " test " was evidently looked upon as important, but on the view now taken by the plaintiffs it is difficult to see how it could have much, if any, influence. The only way to give it proper effect is to give the arrangement the character here ascribed to it.

There being no error the judgment should be affirmed with costs.

The other Justices concurred.